UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NUMBER:

BRENDA MAYA SINGER, individually and   :
on behalf of all others similarly situated,

                                       :

            Plaintiff,

                                       :

        -against-

                                       :

LEARNING CURVE BRANDS, INC., and
LEARNING CURVE BRANDS, INC., d/b/a     :
RC2 BRANDS, INC.,

                                       :

            Defendants.
_____/

**07-22271
CIV - GOLD**
MAGISTRATE JUDGE
TURNOFF

**08 C 309**

**JUDGE LEINENWEBER**

## CLASS ACTION COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff, Brenda Maya Singer, by and through her undersigned counsel, alleges as

follows:

### NATURE OF THE ACTION

1.      Plaintiff brings this action as a Class Action pursuant to Rules 23(a), (b)(l), (b)(2)

and (b)(3) of the Federal Rules of Civil Procedure on behalf of all persons who purchased

children's toys manufactured, imported, and/or distributed by Defendant Learning Curve Brands,

Inc. and/or Learning Curve Brands, Inc. d/b/a RC2 Brands, Inc. ("Defendants" or "RC2"),

between January 2005 through June 2007 (the "Relevant Period"), containing lead paint.

2.      Despite marketing its toys as safe for young children, Defendants distributed

"Thomas & Friends Wooden Railway" components ("Thomas Toys") that have been made using

surface paint containing lead which is poisonous to children, especially if ingested.

3.      Since January 2005, Defendants have manufactured or caused to be

manufactured, marketed and/or distributed approximately 1.5 million Thomas Toys designed for

young children, who can be expected to bite, lick, or suck on the toys causing them to ingest the poisonous lead paint, including ingestion due to chipping. Defendants did so despite clear regulatory prohibitions on the use of lead paint on toys, its knowledge that the ingestion of lead paint by children can cause serious long-term injury, and its representations that its Thomas Toys are safe for children.

4.      It is common knowledge that the substance lead builds up in a person's system, and even small amounts can remain in the person's system and can add on to other sources of lead, leading to potentially harmful levels in a person's system.  This concern is especially acute for young children due to their relative size and physiological immaturity.

5.      On June 14, 2007, the U.S. Consumer Product Safety Commission ("CPSC") announced a voluntary recall of these products. Despite the recall, Defendants have not offered to reimburse Plaintiff or other members of the Plaintiff Class for the full costs of the Thomas Toys. Rather, Defendants are only offering to provide replacement toys. Defendants' offer is inadequate and fails to compensate Plaintiff and other members of the Plaintiff Class for their damages or make them whole.

6.      As a result of Defendants' negligent and reckless conduct, Plaintiff's children and the children of members of the Plaintiff Class have been exposed to a known hazardous substance. As a result of such exposure, the children are at an increased risk of being poisoned by lead. Early detection of lead poisoning, through medical testing, is made necessary and advisable by the Defendants' manufacturing, marketing, and sale of the Thomas Toys painted with lead pigment.

7.      Accordingly, Plaintiff brings this action to recover the actual and compensatory damages for herself and the Class, as well as to recover the costs of diagnostic testing necessary

HARKE & CLASBY LLP
155 South Miami Avenue • Suite 600 • Miami, FL 33130 • Tel. 305-536-8220 • Fax 305-536-8229

to detect lead poisoning for their children resulting from Defendants and the other members of the Defendant Class's actions.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this nationwide class action pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, because the matter in controversy exceeds $5,000,000.00, exclusive of interest and costs, and is a class action in which some members of the Class are citizens of states different than Defendants. *See* 28 U.S.C. § 1332(d)(2)(A). This Court also has personal jurisdiction over Defendants because they are authorized to do business and in fact do business in this state, and Defendants have sufficient minimum contacts with this state and otherwise intentionally avail themselves of the markets in this state through the promotion, marketing and sale of its products in this state, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

9.      Venue is proper in the Southern District of Florida because the cause of action accrued here.

## PARTIES

10.      Plaintiff Singer is and has been a resident of Miami-Dade County Florida during the Relevant Period. Specifically, Plaintiff purchased and owns the many recalled Thomas Toys, including the Red James Engine, the Red James #5 Coal Tender and Red Coal Car. Plaintiff purchased these products at the stores in Miami during the Relevant Period. During the Relevant Period, Mrs. Singer's two-year old son has played with these recalled Thomas Toys.

11.      RC2 is an Illinois Corporation doing business in the state of Illinois and in DuPage County. Defendant sells its products through chain retailers, specialty retailers, wholesalers, and original equipment manufacturer dealers, as well as directly to consumers. It

HARKE & CLASBY LLP
155 South Miami Avenue • Suite 600 • Miami, FL 33130 • Tel. 305-536-8220 • Fax 305-536-8229

operates in the United States, Canada, Mexico, Europe, Australia, and Asia Pacific. The company was founded in 1996 as Collectible Champions, Inc. and changed its name to Racing Champions Corporation in 1997. Further, the name was changed to Racing Champions Ertl Corporation in 2002; and to RC2 Corporation in 2003. All of these names are listed as old names for Learning Curve Brands, Inc. with the Illinois Secretary of State. RC2 is headquartered in Oak Brook, Illinois. Defendants engage in substantial business throughout the United States and within Florida.

12.     Defendants engage in the design, production, and marketing of toys, collectibles, and infant products. RC2 offers infant and toddler products related to feeding, care, safety, and play. Its products include Soothie bottles, sippy and straw cups, plates, bowls, and feeding accessories, as well as healthcare products, which are marketed under The First Years and Lamaze brands, as well as Thomas & Friends, Bob the Builder, Winnie the Pooh, John Deere, Nickelodeon, and Sesame Street brand names.

13.     Defendants also provide preschool products, including Wooden Railway wooden engines, vehicles, destinations, and play sets, build it characters and role-play toys, die-cast vehicles and playsets, and Mighty Monster Trucks, wooden figures, and construction and role-play activity toys to parents, grandparents, caregivers, and giftgivers of preschool-aged children. In addition, RC2 offers youth and adult products comprising toy and radio-controlled vehicles; collectible, and toy vintage and modem tractors; and farm implements and construction vehicles under the Johnny Lightning and Ertl brands.

HARKE & CLASBY LLP
155 South Miami Avenue • Suite 600 • Miami, FL 33130 • Tel. 305-536-8220 • Fax 305-536-8229

## STATEMENT OF FACTS

**A. DEFENDANTS MARKETED THOMAS TOYS AS "SAFE AND QUALITY PLAYTHINGS" DESPITE THE FACT THEY ARE COATED WITH LEAD PAINT**

14.     Defendants' marketing campaign for Thomas Toys is built around assuring parents that their toys are safe for children.

15.     Plaintiff and other members of the Plaintiff Class were deceived by Defendants' material omissions and failure to state that the toys were coated with lead paint, and purchased the Thomas Toys believing that the toys were safe for their children to play with as children normally do, including with the expectation that their toddlers would place the toys in their mouths while playing.

16.     Despite their clear representations that the Thomas Toys were safe for children, Defendants distributed Thomas Toys manufactured in China, which contain lead paint.

17.     The Thomas Toys included dolls, figurines, vehicles, buildings, instruments, and other types of toys sold at various retailers throughout the United States between January 2005 and June 2007 for Defendants. The Thomas Toys are made with surface paints containing lead. Thus, the very young children who Defendants expected to bite, lick, or suck on the toys causing them to ingest the poisonous lead paint on the Thomas Toys (and other concerned toys) have now been exposed and may be further exposed to poisonous lead that can cause serious long-term injury. Defendants distributed approximately 1.5 million of the toys containing lead paint.

**B. DEFENDANTS KNEW OR SHOULD HAVE KNOWN OF THE DANGERS OF LEAD PAINT ON CHILDREN'S TOYS**

18.     Exposure to lead causes a wide range of health effects that vary from child to child.  Even low levels of exposure to lead can result in IQ deficits, learning disabilities, behavioral problems, stunted or slowed growth, and impaired hearing.

HARKE & CLASBY LLP
155 South Miami Avenue • Suite 600 • Miami, FL 33130 • Tel. 305-536-8220 • Fax 305-536-8229

19.     At increasingly high levels of exposure, a child may suffer kidney damage, become mentally retarded, fall into a coma, and even die from lead poisoning.

20.     Lead poisoning has been associated with a significantly increased high school dropout rate, as well as increases in juvenile delinquency and criminal behavior.

21.     For these reasons, the Consumer Product Safety Commission ("CPSC") has declared that "[t]oys and other articles intended for use by children that bear 'lead-containing paint' are 'banned hazardous products.'"

22.     Accordingly, Defendants knew or should have known that manufacturing and distributing Thomas Toys and toys of the other members of the Defendant Class coated with paint containing any amount of lead was dangerous to children and such toys were not safe as Defendants and other members of the Defendant Class represented them to be.

## C.  THE RECALLED THOMAS TOYS

23.     On June 14, 2007, the U.S. Consumer Product Safety Commission ("CPSC") announced a voluntary recall of the Thomas Toys.  The CPSC Press Release is attached hereto as Exhibit A.

24.     As part of the recall, Defendants have offered purchasers of these dangerous toys the ability to obtain a replacement toys manufactured by the Defendants.

25.     The relief proposed by Defendants is wholly inadequate.  Plaintiff seeks a full refund for all amounts spent on these defective toys by herself and all other Plaintiff Class members similarly situated.

26.     Moreover, as a result of Defendants and the Defendant Class's negligent and reckless conduct, Plaintiff's children and children of members of the Plaintiff Class have been exposed to a known hazardous substance. As a result of such exposure, the children are at an

HARKE & CLASBY LLP
155 South Miami Avenue • Suite 600 • Miami, FL 33130 • Tel. 305-536-8220 • Fax 305-536-8229

increased risk of being poisoned by lead. Accordingly, Plaintiff also seeks to recover the costs of diagnostic testing necessary to detect lead poisoning to their children resulting from Defendants' actions.

27.     Upon information and belief, Defendants failed to timely notify the CPSC and the public of the hazardous nature of its lead painted toys.

### CLASS CERTIFICATION

28.     This action is brought as a class action under Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons throughout the State of Florida who purchased Thomas Toys that contained lead paint between January 2005 and the present, which were imported and/or distributed by Defendants.

29.     Membership in the Class is so numerous as to make it impractical to bring all Class members before the Court. The identity and exact number of Class members is unknown but can be determined from Defendants. It is estimated to be tens of thousands or more.

30.     Plaintiff's claims are typical of those of other Plaintiff Class members, all of whom have suffered harm due to Defendants' uniform course of conduct.

31.     Plaintiff is a member of the Plaintiff Class.

32.     There are numerous and substantial questions of law and fact common to all of the members of the Plaintiff Class which control this litigation and predominate over any individual issues pursuant to Rule 23(b)(3). These common issues include, but are not limited to:

      a)  Whether the products are defective;

      b)  Whether the products were recalled by the CPSC;

      c)  Whether the products are inherently dangerous;

      d)  Whether Plaintiff and members of the Class purchased the products;

      e)  Whether Defendants are refusing to reimburse Plaintiff and the members of the

HARKE & CLASBY LLP
155 South Miami Avenue • Suite 600 • Miami, FL 33130 • Tel. 305-536-8220 • Fax 305-536-8229

Plaintiff Class for the full cost of the products;

f)  Whether, as a result of Defendants negligent and reckless conduct, children have been exposed to a known hazardous substance;

g)  Whether early detection of lead poisoning through medical testing of children is made necessary and advisable by the Defendants manufacturing, marketing, and sale of Thomas Toys painted with lead pigment;

h)  Whether Defendants are refusing to pay for the costs of lead testing;

i)  Whether Plaintiff and other members of the Plaintiff Class are entitled to injunctive relief;

j)  Whether Defendants have been unjustly enriched;

k)  Whether Defendants' conduct amounts to an unfair and deceptive practice under Florida law; and

l)  Whether Plaintiff and Plaintiff Class members were damaged and in what amount.

33.  Defendants' conduct is such that it is appropriate that there be final injunctive relief to enjoin its conduct with respect to the Plaintiff Class as a whole pursuant to Rule 23(b)(2).

34.  A class action is the appropriate method for the fair and efficient adjudication of this controversy for the following reasons:

a)  Without a class action, the Plaintiff Class will continue to suffer damage, Defendants' violations of the law or laws will continue without remedy, and Defendants will continue to enjoy the fruits and proceeds of their unlawful misconduct;

b)  Given (i) the substantive complexity of this litigation; (ii) the size of individual Plaintiff Class members' claims; and (iii) the limited resources of the Plaintiff Class members, few, if any, Plaintiff Class members could afford to seek legal redress individually for the wrongs Defendants have committed against them;

c)  This action will foster an orderly and expeditious administration of Plaintiff Class members' claims, economies of time, effort and expense, and uniformity of decision;

HARKE & CLASBY LLP
155 South Miami Avenue • Suite 600 • Miami, FL 33130 • Tel. 305-536-8220 • Fax 305-536-8229

d)      Inferences and presumptions of materiality and reliance are available to obtain class-wide determinations of those elements within the Plaintiff Class members' claims, as are accepted methodologies for class-wide proof of damages; alternatively, upon adjudication of Defendants' common liability, the Court can efficiently determine the claims of the individual Plaintiff Class members; and this action presents no difficulty that would impede the Court's management of it as a class action, and a class action is the best (if not the only) available means by which members of the Plaintiff Class can seek legal redress for the harm caused them by Defendants.

## CLAIMS FOR RELIEF

## COUNT I

(Violations of Florida's Deceptive and Unfair Trade Practices Act)

35.     Plaintiff re-alleges paragraphs 1 through 34 as if fully set forth herein.

36.     This is a claim for violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201-501.2101.

37.     FDUTPA provides that unfair methods of competition, unconscionable acts and practices, and unfair or deceptive acts or practices in the conduct "of any trade or commerce" are unlawful. Fla. Stat. §501.204. Under FDUTPA, "trade or commerce" is defined to include any advertisement or solicitation relating to any "thing of value." Fla. Stat. §501.203(8).

38.     Plaintiff and the class members are consumers as defined and construed under the FDUTPA, Fla. Stat. §§501.201-501.213.

39.     Defendants' conduct as alleged herein occurred in the course of trade or commerce.

40.     Defendants' marketing and sale of unsafe products while asserting that they were safe for children constitute unfair or deceptive trade practices.

41.     Upon information and belief, Defendants knew or should have known of the defect at all material times, but did not disclose the defect to consumers.

9

HARKE & CLASBY LLP
155 South Miami Avenue • Suite 600 • Miami, FL 33130 • Tel. 305-536-8220 • Fax 305-536-8229

42.     Even though Defendants knew or should have known of the defective nature of the products, they continued to sell the products to consumers without properly disclosing or correcting the defect.

43.     Defendants' sales practices were deceptive, misleading, and intended to increase their own profits to the detriment of consumers. Defendants have profited from the uniform deceptive practices and marketing campaigns, in that Defendants were able to sell hundreds of thousands of products that they could not have sold absent their deceptive marketing campaigns, causing Plaintiff and the Plaintiff Class substantial injuries.

44.     Plaintiff and other members of the Class were deceived by Defendants' failure to disclose the dangers of its products that contained toxic levels of lead paint. Defendants would not have been able to sell their dangerous products had they properly disclosed the fact that the products contained lead paint.

45.     Plaintiff and other members of the Plaintiff Class would not have purchased the concerned products if Defendants had disclosed the dangers of their products, including that such products contained toxic levels of lead paint.

46.     Plaintiff and the other Plaintiff Class members suffered actual damages as a result of Defendants' deceptive and unfair trade practices. Specifically, as a result of Defendants' deceptive and unfair trade practices, Plaintiff and the other Plaintiff Class members suffered monetary losses, i.e., the purchase price of the products, which themselves are unfit for their intended purpose, and further can be expected to suffer in the future the cost of medical monitoring necessitated by the exposure of their children to the lead paint in Defendants' products.

HARKE & CLASBY LLP
155 South Miami Avenue • Suite 600 • Miami, FL 33130 • Tel. 305-536-8220 • Fax 305-536-8229

47.　By reason of the foregoing, Defendants are liable to Plaintiff and to the Plaintiff Class members in an amount to be proved at trial, including actual damages and other penalties as may be appropriate under applicable law.

## COUNT II

### (Strict Liability)

48.　Plaintiff re-alleges paragraphs 1 through 34 as if fully set forth herein.

49.　Defendants are strictly liable for damages because:

a) they placed the defective product, the toys covered in lead paint, in the stream of commerce;

b) the condition of the products - being covered with lead paint - rendered them unreasonably dangerous;

c) the inherently dangerous condition existed when the product left the control of Defendants; and

d) the condition was a proximate cause of injury.

50.　Plaintiff and the other members of the Plaintiff Class may recover for damages associated with their children's exposure to lead paint and economic losses because their damages are proximately caused by Defendants' intentional, false representation that the products are safe when, in fact, they are not.

51.　Plaintiff and members of the Plaintiff Class have been and will be damaged and have suffered direct personal injuries and economic loss, including both the cost of the defective product and the future cost of medical monitoring necessitated by the lead paint.

52.　By reason of the foregoing, Defendants are liable to Plaintiffs and the members of the Plaintiff Class in an amount to be proved at trial.

HARKE & CLASBY LLP
155 South Miami Avenue • Suite 600 • Miami, FL 33130 • Tel. 305-536-8220 • Fax 305-536-8229

## COUNT III

### (Unjust Enrichment)

64.     Plaintiff realleges Paragraphs 1 through 34 as if fully set forth herein.

65.     Defendants received from Plaintiff and Plaintiff Class members certain monies from their purchase of Thomas Toys which are excessive and unreasonable, and are the result of Defendants' deceptive conduct.  The Thomas Toys sold by Defendants were unreasonably dangerous and unfit for their intended purpose.

66.     As a result, Plaintiff and other members of the Plaintiff Class have conferred a benefit on Defendants, and Defendants have knowledge of this benefit and have voluntarily accepted and retained the benefit conferred on it.

67.     Defendants will be unjustly enriched if they are allowed to retain such funds, and each Plaintiff Class member is entitled to an amount equal to the amount each Plaintiff Class member enriched Defendants and for which Defendants have been unjustly enriched.

68.     By reason of the foregoing, Defendants are liable to disgorge to Plaintiffs and the members of the Plaintiff Class the amount by which each Plaintiff Class member enriched Defendants and for which Defendants have been unjustly enriched.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the other Plaintiff Class members request that the Court enter an order or judgment against Defendants including the following:

    a.     Certification of the action as a Class Action pursuant to Rule 23(b)(1), (2) and (3) of the Federal Rules of Civil Procedure, and appointment of Plaintiff as Class Representative and Plaintiff's counsel of record as Class Counsel;

HARKE & CLASBY LLP
155 South Miami Avenue • Suite 600 • Miami, FL 33130 • Tel. 305-536-8220 • Fax 305-536-8229

b. Damages in the amount of monies paid for the Thomas Toys and the costs

of medical testing for lead poisoning;

c. Damages in the amount of monies paid or to be paid for lead testing of the

children handling the Thomas Toys;

d. Actual damages, statutory damages, punitive damages, and such other

relief as provided by the statutes cited herein;

e. Pre-judgment and post-judgment interest on such monetary relief;

f. Other appropriate injunctive relief;

g. The costs of bringing this suit, including reasonable attorneys' fees; and

h. All other relief to which Plaintiff and members of the Plaintiff Class may

be entitled at law or in equity.

**DEMAND FOR JURY TRIAL**

Plaintiff requests a jury trial on any and all counts for which trial by jury is permitted by

law.

Dated: August 21, 2007     Respectfully submitted,

                Lance A. Harke, P.A.
                Florida Bar No. 863599
                Sarah Clasby Engel, P.A.
                Florida Bar No. 991030
                Howard M. Bushman, Esq.
                Florida Bar No. 0364230

                HARKE & CLASBY LLP
                155 South Miami Ave., Suite 600
                Miami, Florida 33130
                Telephone: (305) 536-8220
                Telecopier: (305) 536-8229

                *Counsel for Plaintiff & Class Members*

13

HARKE & CLASBY LLP

155 South Miami Avenue • Suite 600 • Miami, FL 33130 • Tel. 305-536-8220 • Fax 305-536-8229

Case 1:07-cv-22270-ASG Document 1 Entered on FLSD Docket 08/30/2007 Page 14 of 18

# EXHIBIT A

# NEWS from CPSC

## U.S. Consumer Product Safety Commission

Office of Information and Public Affairs                    Washington, DC 20207

FOR IMMEDIATE RELEASE
June 13, 2007
Release #07-212

**Firm's Recall Hotline: (866) 725-4407**
CPSC Recall Hotline: (800) 638-2772
CPSC Media Contact: (301) 504-7908

# RC2 Corp. Recalls Various Thomas & Friends™ Wooden Railway Toys Due to Lead Poisoning Hazard

WASHINGTON, D.C. - The U.S. Consumer Product Safety Commission, in cooperation with the firm named below, today announced a voluntary recall of the following consumer product. Consumers should stop using recalled products immediately unless otherwise instructed.

**Name of Products:** Various Thomas & Friends™ Wooden Railway Toys

**Units:** About 1.5 million

**Importer/Distributor:** RC2 Corp., of Oak Brook, Ill.

**Hazard:** Surface paints on the recalled products contain lead. Lead is toxic if ingested by young children and can cause adverse health effects.

**Incidents/Injuries:** None.

**Description:** The recall involves wooden vehicles, buildings and other train set components for young children listed in the chart below. The front of the packaging has the logo "Thomas & Friends Wooden Railway" on the upper left-hand corner. A manufacturing code may be located on the bottom of the product or inside the battery cover. Toys marked with codes containing "WJ" or "AZ" are not included in this recall.

| Recalled Product Name |
| --- |
| Red James Engine & Red James' # 5 Coal Tender |
| Red Lights & Sounds James Engine & Red James' #5 Lights & Sounds Coal Tender |
| James with Team Colors Engine & James with Team Colors #5 Coal Tender |
| Red Skarloey Engine |
| Brown & Yellow Old Slow Coach |
| Red Hook & Ladder Truck & Red Water Tanker Truck |
| Red Musical Caboose |
| Red Sodor Line Caboose |
| Red Coal Car labeled "2006 Day Out With Thomas" on the Side |

Case 1:07-Case2708-AS-00309ocumeentEnt2ed dniFeUSD/D6/k2e0808/3Page016 of18e 16 of 18

RC2 Corp. Recalls Various Thomas & Friends™ Wooden Railway Toys Due to Lead Poi...  Page 2 of 3

| |
|---|
| Red Baggage Car |
| Red Holiday Caboose |
| Red "Sodor Mail" Car |
| Red Fire Brigade Truck |
| Red Fire Brigade Train |
| Deluxe Sodor Fire Station |
| Red Coal Car |
| Yellow Box Car |
| Red Stop Sign |
| Yellow Railroad Crossing Sign |
| Yellow "Sodor Cargo Company" Cargo Piece |
| Smelting Yard |
| Ice Cream Factory |

**Sold at:** Toy stores and various retailers nationwide from January 2005 through June 2007 for between $10 and $70.

**Manufactured in:** China

**Remedy:** Consumers should take the recalled toys away from young children immediately and contact RC2 Corp. for a replacement toy.

**Consumer Contact:** For additional information, contact RC2 Corp. toll-free at (866) 725-4407 between 8 a.m. and 5 p.m. CT Monday through Thursday and between 8 a.m. and 11 a.m. CT Friday, or visit the firm's Web site at recalls.rc2.com



---

Send the link for this page to a friend! The U.S. Consumer Product Safety Commission is charged with protecting the public from unreasonable risks of serious injury or death from more than 15,000 types of consumer products under the agency's jurisdiction. Deaths, injuries and property damage from consumer product incidents cost the nation more than $700 billion annually. The CPSC is committed to protecting consumers and families from products that pose a fire, electrical, chemical, or mechanical hazard or can injure children. The CPSC's work to ensure the safety of consumer products - such as toys, cribs, power tools, cigarette lighters, and household chemicals - contributed significantly to the 30 percent decline in the rate of deaths and injuries associated with consumer products over the past 30 years.

To report a dangerous product or a product-related injury, call CPSC's hotline at (800) 638-2772 or CPSC's teletypewriter at (800) 638-8270, or visit CPSC's web site at www.cpsc.gov/talk.html. To join a CPSC email subscription list, please go to www.cpsc.gov/cpsclist.aspx. Consumers can obtain this release and recall information at CPSC's Web site at www.cpsc.gov.

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**07-22271**

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| BRENDA MAYA SINGER, individually and on behalf of all others similarly situated | LEARNING CURVE BRANDS, INC. and LEARNING CURVE BRANDS, INC. d/b/a RC2 BRANDS, INC. |

**(b)** County of Residence of First Listed Plaintiff  MIAMI-DADE, FL
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  DUPAGE COUNTY, IL
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
HARKE & CLASBY LLP, 155 S. MIAMI AVENUE, STE 600
MIAMI, FL 33130 305-536-8220  ✗ MIAMI-DADE

Attorneys (If Known)

**CIV - GOLD**
MAGISTRATE JUDGE
TURNOFF

DADE-07-22271-CV-GOLD-TURNOFF

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☒ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine    **PERSONAL PROPERTY** | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
|  | ☐ 345 Marine Product Liability    ☐ 370 Other Fraud |  | ☐ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle    ☐ 371 Truth in Lending |  | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability    ☐ 380 Other Personal Property Damage |  | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury    ☐ 385 Property Damage Product Liability |  | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting    ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment    **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations    ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare    ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment    ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other    ☐ 550 Civil Rights |  |  |  |
|  | ☐ 440 Other Civil Rights    ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §1332

Brief description of cause:
This is an action to recover damages sustained as a result of Defendants' sale of lead based

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint: paint toys

JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE 08/29/07

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 965656  AMOUNT $350.00  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

08/30/07