UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 07-22271-CIV-GOLD/TURNOFF

BRENDA MAYA SINGER, individually and
on behalf of all others similarly situated,

      Plaintiff,

vs.

LEARNING CURVE BRANDS, INC. and
LEARNING CURVE BRANDS, INC. d/b/a
RC2 BRANDS, INC.,

      Defendants
_____/

**08 C 309**

**JUDGE LEINENWEBER**

## DEFENDANT'S MOTION FOR STAY OF PROCEEDINGS AND FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendants, Learning Curve Brands, Inc. and Learning Curve Brands, Inc., d/b/a RC2 Brands, Inc. (collectively "Moving Defendants"), move the Court to stay proceedings pending the ruling of the Judicial Panel on Multidistrict Litigation ("JPML") on the pending Motions to Transfer filed in MDL No. 1893 – In Re: RC2 Corp. Toy Lead Paint Products Liability Litigation and also move the Court to extend the time in which Moving Defendants have to respond to Plaintiff's Complaint or otherwise plead for the following reasons:

1.    Currently there are at least 15 federal actions filed in six different U.S. District Courts across the country asserted against the Moving Defendants and relating to the subject of this cause of action. In those actions, putative class members and individuals assert claims in connection with their purchase of Thomas & Friends™

Wooden Railway Toys, which were the subject of a recall; the numerous lawsuits contain common questions of fact.

2.      At this time, there are two motions to transfer this action and the other related actions to a single judicial district pursuant to 28 U.S.C. § 1407 pending before the JPML.  Moving Defendants filed a Motion for Transfer of Actions to the Northern District of Illinois for Coordinated Pre-trial Proceedings Pursuant to U.S.C. § 1407 with the JPML on August 27, 2007, requesting transfer of all related cases for consolidation in the Northern District of Illinois.  See Schedule of cases for which transfer was sought attached hereto as Exhibit "A."  A second Motion for Transfer and Coordination Pursuant to 28 U.S.C. § 1407 was filed by plaintiff in the case of Martinez v. RC2 Corporation, pending in the district court in the Central District of California.  The JPML has placed both of these motions to transfer in the same case, MDL No. 1893, In Re: RC2 Corp. Toy Lead Paint Products Liability Litigation.

3.      Further, on August 24, 2007, plaintiffs in eleven (11) of the actions pending in several district courts filed a joint motion for transfer, also requesting all such actions for consolidation to the Northern District of Illinois.  Those plaintiffs subsequently requested that their motion be treated as a response to the other pending motions for transfer.

4.      Moving Defendants filed its Motion to Transfer because the numerous lawsuits that have already been filed contain common questions of fact, and coordination would serve the convenience of the parties and witnesses and would promote the just and efficient conduct of the litigation.

5.     Given the pendency of the transfer motions before the JPML, a stay of the proceedings in this action is appropriate.

6.     Thus far, two courts have ruled on similar motions to vacate filed by these Moving Defendants. The U.S. District Court for the Southern District of Indiana and the U.S. District Court for the Eastern District of Arkansas have both granted said motions. See copies of Orders attached hereto as Exhibits "B" and "C."  At this time, the JPML has not yet ruled on Moving Defendant's Motion to Transfer.

7.     Similarly, in an unrelated putative class action in this Court, Jocelyn Bonenfant v. R.J. Reynolds Tobacco Co., et. al., Judge Zloch granted defendants' motion to stay plaintiff's cause of action involving possible new claims against cigarette manufacturers and sellers, pending the JPML's decision.

8.     An extension of time to respond to the Complaint and a stay of all proceedings in this action, pending a ruling by the JPML on the transfer motions, is necessary to promote judicial economy and avoid undue prejudice to the parties.  This Court should not unnecessarily expend its time and resources to supervise pre-trial proceedings and make rulings in a case that may shortly be transferred to another district court and/or judge for further pre-trial proceedings.

9.     Additionally, since all of the pending actions are in their initial stages and the JPML will be hearing the motions for transfer in the near future, no prejudice or inconvenience will result from entry of a stay or the requested extension of time to respond to the Complaint.  On the other hand, absent a stay, Moving Defendants will be substantially prejudiced by being forced to duplicate efforts and expend significant resources defending factually similar cases in multiple jurisdictions around the country.

**HINSHAW & CULBERTSON LLP**
Suite 1600, 9155 South Dadeland Boulevard, Miami, FL 33156-2741 – (305) 358-7747 – Facsimile (305) 577-1063
14403711v1 NEWFILE

10.     Moving Defendants will notify the Court of the JPML's ruling on the pending Motions for Transfer in MDL No. 1893 as soon as its decision is known.

11.     For the reasons herein, Moving Defendants request that the Court enter an order staying all proceedings in this case and extending the time to respond to the Complaint to 30 days following entry of an order by the JPML regarding the pending motions for transfer.

## **MEMORANDUM OF LAW**

Although this Court is not required to stay proceedings pending actions by the JPML, it has the discretion do so.  See Rule 1.5, Rules of Procedure of the Judicial Panel on Multidistrict Litigation.  In fact, it is common practice for courts to stay an action pending a transfer decision by the JPML.  See Jocelyn Bonenfant v. R.J. Reynolds Tobacco Co., et al. 2007 WL 2409980 (S.D. Fla. 2007) (where Judge Zloch granted defendants' motion to stay plaintiff's cause of action involving possible new claims against cigarette manufacturers and sellers, pending the JPML's decision); see also Republic of Venez. v. Phillip Morris Cos., Inc., 199 WL 33911677 at *1 (S.D. Fla. 1999) (explaining that a "district court has the discretion to stay its proceedings" pending the JPML's decision).

This Court has the authority to stay this case pending the JPML's decision on the pending Motions for Transfer in MDL No. 1893, In Re: RC2 Corp. Toy Lead Paint Products Liability Litigation.  A federal district court's power to stay an action "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. N. A. Co., 299 U.S. 248, 254 (1936).  In the context of MDL litigation, the Manual for Complex Litigation explains that a "stay pending the panel's decision can

4

increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases as well." Manual for Complex Litigation (Fourth) § 22.35 (2005).

Additionally, many courts in similar complex litigation involving claims pending in multiple jurisdictions, including this Court, have stayed proceedings pending determinations by the JPML of the appropriateness of transfer and coordination under 28 U.S.C. § 1407. See Republic of Venez. v. Phillip Morris Cos., Inc., 199 WL 33911677 at *1 (S.D. Fla. 1999) (explaining that a "district court has the discretion to stay its proceedings" pending the JPML's decision). See also Arthur-Magna Inc. v. Del-Val Fin Corp., 1991 WL 13725 (D.N.J. Feb. 1, 1991); Hertz Corporation v. The Gator Corporation, 250 F. Supp. 2d 421 (D.N.J. 2003) (stay issued in "tag along" case where interim injunctive relief was being sought); Moore v. Wyeth-Ayerst Laboratories, 236 F. Supp. 2d 509, 511 (D. Md. 2002); Gonzalez v. American Home Products, Corp., 223 F. Supp. 2d 803 (S.D. Tex. 2002); U.S. Bank Nat'l Ass'n v. Royal Indem. Co., 2002 WL 31114069 (N.D. Tex. Sept. 23, 2002); Kohl v. American Home Prods. Corp., 78 F. Supp. 2d 885 (W.D. Ark. 1999); Rivers v. The Walt Disney Co., 980 F. Supp. 1358 (C.D. Cal. 1997); American Seafood, Inc. v. Magnolia Processing, 1992 WL 102762 (E.D. Pa. May 7, 1992); Rosenfeld v. Hartford Fire Ins. Co., 1988 WL 49065 (S.D.N.Y. May 12, 1988); Portnoy v. Zenith Laboratories, 1987 WL 10236 (D.D.C. Apr. 21, 1987).

Courts generally consider three factors when evaluating motions for a stay of proceedings: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. See

5

HINSHAW & CULBERTSON LLP
Suite 1600, 9155 South Dadeland Boulevard, Miami, FL 33156-2741 – (305) 358-7747 – Facsimile (305) 577-1063
14403711v1 NEWFILE

<u>Rivers</u>, 980 F. Supp. at 1360. In this case, each factor favors the requested extension and temporary stay pending a determination by the JPML.

**I.      Judicial Economy is Best Served By the Entry of a Stay Pending a Decision of the JPML**

In the context of this case, considerations of judicial economy weigh heavily in favor of a stay. The express language of 28 U.S.C. § 1407 provides in relevant part that civil actions may be transferred for coordinated or consolidated pretrial proceedings to "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407. Further, case law in the class action context has established that when similar actions are proceeding in different courts, courts may stay proceedings pending the outcome of the other case. <u>See</u>, <u>e.g.</u>, <u>Knearem v. Bayer Corp.</u>, 2002 WL 1173551, at *1 (D. Kan. 2002) (granting motion to stay purported class action which was one of several pending federal class actions). Thus, a stay of proceedings pending a transfer decision by the JPML to an MDL district in this matter, which involves fifteen (15) related actions in six (6) judicial districts, is necessary and appropriate to achieve the judicial economies contemplated by § 1407.

The Moving Defendants reasonably anticipate that the JPML will grant an MDL in this case for several reasons. Courts have consistently recognized that the JPML will transfer cases to eliminate the possibility of inconsistent class determinations. <u>In re CertainTeed Corp. Roofing Shingle Prods Liab. Lit.</u>, 2007 WL 549356 (J.P.M.L. 2007); <u>In re Ford Motor Co. Speed Control Deactivation Switch Prods. Liab. Lit.</u>, 398 F. Supp. 2d 1365 (J.P.M.L. 2005); <u>In re Guidant Corp. Implantable Defibrillators Prods. Liab. Lit.</u>, 398 F. Supp. 2d 1371 (J.P.M.L. 2005); <u>In re Roadway Exp. Inc. Employ. Pract. Lit.</u>, 384 F. Supp. 612 (J.P.M.L. 1974). Without a transfer of these cases to a single forum for

**HINSHAW & CULBERTSON LLP**
Suite 1600, 9155 South Dadeland Boulevard, Miami, FL 33156-2741 – (305) 358-7747 – Facsimile (305) 577-1063

14403711v1 NEWFILE

consolidated and coordinated pretrial proceedings, there is a significant risk of inconsistent and potentially conflicting pretrial rulings on discovery, privilege, expert and other key issues, including rulings on the appointment of class counsel (or interim class counsel) and class certification.  See Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft, 48 F. Supp. 2d 37, 43 (D.D.C. 1999).

In this case, discovery with respect to the Moving Defendants' conduct in each of the actions proposed for consolidation will be substantially similar in all of them and will involve the same and/or similar documents and witnesses.  Moreover, Learning Curves Brands' principal offices are located within the Northern District of Illinois vicinage, where Moving Defendants seek to have all matters transferred and consolidated.  Also, judicial and administrative efficiency is best served by consolidation, because one judge, rather than multiple judges, can supervise all pretrial proceedings and render consistent rulings.  Finally, based on the nationwide distribution of Defendants' toy trains, and the media attention focused on the recall of these and other products manufactured in China, additional cases may yet be filed in various jurisdictions prior to the expiration of the statute of limitations.

Without issuance of the requested stay, the Court and the parties lose the potential efficiencies that would be gained by having pretrial issues decided by a single court.  Absent issuance of a stay, this Court will be required to expend considerable time and resources familiarizing itself with the intricacies and complexities of this class action products liability litigation that may shortly be transferred to another court by the JPML.  If these cases are not stayed, the same issues, including those with respect to appointment of interim or class counsel and class certification, will likely be revisited by

whichever court is assigned by the JPML. Thus, unless a stay is granted the continuation of this case will result in unnecessary and possibly duplicative efforts by the Court and the parties if this action proceeds forward pending the JPML ruling. As has been established by the JPML, "[t]he pretrial powers of the transferee court include the powers to modify, expand, or vacate earlier discovery orders." In re Plumbing Fixture Cases, 298 F. Supp. 484, 489 (J.P.M.L. 1968). Thus, as recognized by the court in U.S. Bank, "[i]f the MDL motion is granted, all of the Court's time, energy and acquired knowledge regarding the action and its pretrial procedures will be wasted." U.S. Bank, 2002 WL 31114069, at *2.

This Court should not expend its limited resources "familiarizing itself with the intricacies of a case that would be heard by another judge." Rivers, 980 F. Supp. at 1360. In order to avoid the risk of inconsistent substantive legal rulings, pretrial proceedings in this matter, as well as other actions in the various courts, should proceed in an orderly, coordinated fashion, as directed by the single court selected by the JPML. Accordingly, the stay sought by the Moving Defendants in this case is appropriate and necessary as it will facilitate the just and efficient conduct of this litigation.

## II. The Balancing of the Equities Favors Issuance of a Stay as Plaintiff Will Suffer No Prejudice

In addition to the waste of judicial resources inherent in proceeding with this matter prior to a ruling by the JPML, a balancing of the equities and comparative hardships on the parties strongly favors issuance of a stay. Moving Defendants in the present action would be substantially prejudiced by duplicative discovery and motion practice if a stay order is not issued. American Seafood, 1992 WL 102762, at *2

8

**HINSHAW & CULBERTSON LLP**
Suite 1600, 9155 South Dadeland Boulevard, Miami, FL 33156-2741 – (305) 358-7747 – Facsimile (305) 577-1063
14403711v1 NEWFILE

(holding that "duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of a stay"). Without a stay, Moving Defendants will be required to respond to numerous complaints, be served with multiple discovery requests, deposition notices and various motions, all of which will result in duplicative and costly responses and replies being prepared multiple times in different jurisdictions. This burden would clearly impose a substantial hardship on Moving Defendants and clearly warrants a stay of this action until the JPML renders its decision.

A stay will not, however, unduly prejudice the plaintiff in this matter as the case has only recently been filed and other plaintiffs are also seeking the same relief from the JPML. Even if plaintiff was to claim some sort of prejudice, which cannot be perceived here, as the <u>Arthur-Magna</u> court found, "even if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay." 1991 WL 13725 at * 1. Here, there have been no responsive pleadings filed by any party and no discovery has been undertaken in the case at bar or in any of the pending actions in other jurisdictions.

Since all the actions are in the beginning stages of litigation, no significant prejudice or inconvenience will result from transfer, coordination and/or consolidation. Any slight delay that plaintiff may experience in this case will be minimal and the prejudice to Moving Defendants would far outstrip any harm to plaintiff. <u>See</u> <u>Id</u>. Indeed, if the JPML consolidates the cases into an MDL district, all of the parties - including the

plaintiff here - will benefit from increased efficiency and coordinated pretrial case management.

Moving Defendants are not asking this Court to stay the proceedings indefinitely. They are only asking the Court to issue a brief stay pending the transfer decision by the JPML which is expected in the near future. Moving Defendants also request that, based upon the same reasons described above, this Court should grant an enlargement of time for Moving Defendants to respond to the Complaint to 30 days following entry of an order by the JPML on the pending Motions for Transfer in MDL No. 1893, In Re: RC2 Corp Toy Lead Paint Products Liability Litigation. As such, any potential delay is outweighed by the efficiencies available in a coordinated MDL proceeding and the benefits of staying this proceeding at this time outweigh any minimal inconvenience to the plaintiff. Accordingly, the granting of a stay is necessary and appropriate.

## CONCLUSION

For the foregoing reasons, the Court should exercise its discretion and enter an order staying proceedings in this action and extending Moving Defendants' time to respond to the Complaint to 30 days following entry of an order by the JPML on the pending Motions for Transfer in MDL No. 1893, In Re: RC2 Corp Toy Lead Paint Products Liability Litigation.

WHEREFORE, Defendants, Learning Curve Brands, Inc. and Learning Curve Brands, Inc., d/b/a RC2 Brands, Inc., respectfully request that the Court stay the proceedings in this action and extend Moving Defendants' time to respond to the Complaint to 30 days following the entry of an order by the JPML on the pending Motions to Transfer filed in MDL No. 1893, In Re: RC2 Corp. Toy Lead Paint Products Liability Litigation, and any other relief this Court deems necessary.

10

Case No. 07-22271-CIV-GOLD/TURNOFF

Dated: September 20, 2007.

Respectfully submitted,

s/Barbara Fernandez
Robert K. Tucker
Florida Bar No. 116410
Barbara Fernandez
Florida Bar No. 0493767
rtucker@hinshawlaw.com
bfernandez@hinshawlaw.com
HINSHAW & CULBERTSON LLP
Suite 1600
9155 South Dadeland Boulevard
Miami, FL  33156-2741
Tel. No. 305-358-7747
Fax No. 305-577-1063

Case No. 07-22271-CIV-GOLD/TURNOFF

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 20, 2007, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF.  I also certify that the foregoing document is being served this day, in the manner specified below, on all counsel of record identified on the attached Service List.


s/ Barbara Fernandez
Barbara Fernandez

Case No. 07-22271-CIV-GOLD/TURNOFF

### SERVICE LIST

### United States District Court, Southern District of Florida

Lance A. Harke, P.A.
lharke@harkeclasby.com
Sarah Clasby Engel, P.A.
sengel@harkeclasby.com
Howard M. Bushman, Esq.
hbushman@harkeclasby.com
HARKE & CLASBY LLP
Suite 600
155 South Miami Avenue
Miami, FL  33130
Tel. No. (305) 536-8220
Fax No. (305) 536-8229
ATTORNEYS FOR PLAINTIFFS,
BRENDA MAYA SINGER, individually,
and on behalf of all others similarly
situated

Served via transmission of Notices of
Electronic Filing generated by CM/ECF.

13

**HINSHAW & CULBERTSON LLP**
Suite 1600, 9155 South Dadeland Boulevard, Miami, FL 33156-2741 – (305) 358-7747 – Facsimile (305) 577-1063
14403711v1 NEWFILE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL NO.-1893 —

IN RE RC2 CORP. TOY LEAD PAINT PRODUCTS LIABILITY LITIGATION

SCHEDULE OF ACTIONS

| Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiffs:** James Weldon Stratton and Christina Marie Stratton, individually and as parents, natural guardians and next friends of E.J.S. and M.M.S., minors, on behalf of themselves and all others similarly situated **Defendants:** RC2 Corporation, Racing Champions ERTL Corporation, and Learning Curve Brands, Inc., formerly doing business as The ERTL Company, Inc., Racing Champions ERTL, Inc., RC ERTL, Inc., and RC2 Brands, Inc. | E.D Arkansas | 4:07-cv-640 | James M. Moody |
| **Plaintiffs:** Abel Martinez, individually and on behalf of all others similarly situated **Defendants:** RC2 Corporation, and Does 1 through 10, Inclusive | C.D. California | 2:07-cv-5401 | A. Howard Matz |
| **Plaintiffs:** Brenda Maya Singer **Defendants:** Learning Curve Brands, Inc., and Learning Curve Brands, Inc., d/b/a, RC2 Brands, Inc. | S.D. Florida | 1:07-cv-22274 | Ursula Ungaro |
| **Plaintiffs:** Channing Hesse, individually and for all others similarly situated **Defendants:** Learning Curve Brands, Inc., and Learning Curve Brands, Inc., d/b/a, RC2 Brands, Inc. | N.D Illinois | 1:07-cv-3514 | Harry D. Leinenweber |
| **Plaintiffs:** Jennifer Foshee Deke as mother and next friend of Parker Hayden Deke and Connor William Deke, on behalf of herself and others similarly situated **Defendants:** RC2 Corporation, and Learning Curve Brands, Inc., and Learning Curve Brands, Inc. d/b/a RC2 Brands | N.D Illinois | 1:07-cv-3609 | Harry D. Leinenweber |



| Plaintiffs: Kim Walton, on behalf of herself and all those similarly situated Defendants: RC2 Corporation, and Learning Curve Brands, Inc., formerly doing business as RC2 Brands, Inc. | N.D Illinois | 1:07-cv-3614 | Harry D. Leinenweber |
|---|---|---|---|
| Plaintiffs: John O'Leary and Christine Waller, individually and for all others similarly situated Defendants: Learning Curve Brands, Inc., and Learning Curve Brands, Inc., d/b/a, RC2 Brands, Inc. | N.D Illinois | 1:07-cv-3682 | Harry D. Leinenweber |
| Plaintiffs: Paul Djurisic, as father and next friend of L.D. and N.D., his minor sons, on behalf of themselves and all others similarly situated, Defendants: Apax Partners, Inc., Hit Entertainment, RC2 Corporation, f/k/a, RC2 Brands and Learning Curve Brands, Inc. | N.D Illinois | 1:07-cv-3707 | Harry D. Leinenweber |
| Plaintiffs: Theresa Reddell and Rebekah Lockhart, individually and for all others similarly situated Defendants: Learning Curve Brands, Inc., and Learning Curve Brands, Inc., d/b/a, RC2 Brands, Inc. | N.D Illinois | 1:07-cv-3747 | Harry D. Leinenweber |
| Plaintiffs: Robyn Rohde, individually, and as parent, guardian and next of friend of Nicholas Rohde, a minor and Austin Rohde, a minor, and Tom Brady, individually, and as parent, guardian and next of friend of Christopher Brady, a minor, and on behalf of all others similarly situated. Defendants: Learning Curve Brands, Inc., f/ka RC2 Brands, Inc., RC2 Corporation, and Learning Curve International, Inc. | N.D. Illinois | 1:07-cv-4187 | Harry D. Leinenweber |
| Plaintiffs: Ryan Kreiner and Claudine M. Kreiner, | N.D. Illinois | 1:07-cv-4547 | George W. Lindberg |

| | | | |
|---|---|---|---|
| individually and b/n/f of G.H.K., B.D.K., and C.J.K., miors, and Patrick Hudspeth and Caryn Hudspeth, individually and b/n/f of T.H.H. and A.L.H., minors, on behalf of themselves and all others similarly situated<br>**Defendants:**<br>RC2 Corporation, Racing Champions ERTL Corporation, and Learning Curve Brands, Inc., formally doing business as The ERTL Company, Inc., Racing Champions ERTL, Inc., RC ERTL, Inc. and RC2 Brands, Inc. | | | |
| **Plaintiffs:**<br>Cherise Wilson, Aive Rei-Ghafoor, Tonya Tubbs, Thomas Toms, Tracy Hofmann, Sheree Argiris, and Cheng Yin, individually and for all others similarly situated<br>**Defendants:**<br>RC2 Corporation, and Learning Curve Brands, Inc., formerly doing business as RC2 Brands, Inc. | N.D Illinois | 1:07-cv-4642 | Mark R. Filip |
| **Plaintiffs:**<br>Robert Miller, Rachel Miller, individually and b/n/f of J.R.M. and L.S.M., minors, Gregg Theobald and Shay Theobald, individually and b/n/f of N.P.T., a minor, and Chad J. Sweeney, on behalf of themselves and all others similarly situated<br>**Defendants:**<br>RC2 Corporation, Racing Champions ERTL Corporation, and Learning Curve Brands, Inc., formerly doing business as The ERTL Company, Inc., Racing Champions ERTL, Inc., RC ERTL, Inc., and RC2 Brands, Inc. | S.D Indiana | 1:07-cv-772 | Larry J. McKinney |
| **Plaintiffs:**<br>David Murdock, individually and as father and next friend of Beau Farish Murdock and Anabelle Sage Murdock, minor children, on behalf of all others similarly situated<br>**Defendants:**<br>RC2 Corporation, Learning Curve Brands, Inc., Learning Curve Brands, Inc. d/b/a RC2 Brands, Inc., Wal-Mart Stores, Inc. and Toys "R" Us, Inc. | D. New Jersey | 2:07-cv-03376 | William H. Walls |
| **Plaintiffs:** | E.D New York | 1:07-cv-2525 | Frederic |

| C. Kelly, on behalf of herself and all others similarly situated **Defendant:** RC2 Corporation | | | Block |
|---|---|---|---|

l/2008386.1

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBERT MILLER and | ) | |
| RACHEL MILLER, individually and | ) | Cause No.  1:07-cv-0772-LJM-WTL |
| b/n/f of J.R.M. and L.S.M., minors, | ) | |
| GREGG THEOBALD and | ) | |
| SHAY THEOBALD, individually and | ) | |
| b/n/f of N.P.T., a minor and | ) | |
| CHAD J. SWEENEY, on Behalf of | ) | |
| Themselves and All Others | ) | |
| Similarly Situated, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| | ) | |
|        v. | ) | |
| | ) | |
| RC2 CORPORATION, RACING | ) | |
| CHAMPIONS ERTL CORPORATION, | ) | |
| and LEARNING CURVE BRANDS, INC., | ) | |
| formerly doing business as | ) | |
| THE ERTL COMPANY, INC., RACING | ) | |
| CHAMPIONS ERTL, INC., RC ERTL, | ) | |
| INC. and RC2 BRANDS, INC. | ) | |
| | ) | |
|     Defendants. | ) | |

## ORDER ON MOTION FOR EXTENSION OF TIME TO ANSWER AND FOR STAY OF PROCEEDINGS

Defendants, RC2 Corporation and Learning Curve Brands, Inc.,  by counsel, having filed

their  Motion for Extension of Time to Answer and for Stay of Proceedings, and the Court, being

duly advised in the premises, hereby GRANTS said Motion.

It is THEREFORE ORDERED, ADJUDGED and DECREED that Defendants in this

matter have to and including thirty (30) days following the transfer of this case to the MDL or

denial of RC2 Corporation and Learning Curve Brands, Inc.'s pending  Motion for Transfer of

Actions to the Northern District of Illinois for Coordinated Pre-Trial Proceedings Pursuant to 28



U.S.C. § 1407 ("Motion for Transfer") and this cause is stayed as to all Defendants pending transfer to the MDL or denial of the Motion for Transfer.

Dated: 08/27/2007

LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

**Distribution to:**

Jamie Ranah Kendall
William N. Riley
PRICE WAICUKAUSKI & RILEY
301 Massachusetts Avenue
Indianapolis, IN 46204

Jeffrey Aaron Cooke
THE COOKE LAW FIRM
331 Columbia Street
Lafayette, IN 47902

Judy S. Okenfuss
ICE MILLER LLP
One American Square
Suite 3100
Indianapolis, Indiana 46282-0200

1/1994950.1

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

JAMES WELDON STRATTON and
CHRISTA MARIE STRATTON,
Individually and as Parents, Natural
Guardians and Next Friends of
E.J.S. and M.M.S., Minors, on behalf of
themselves and all others similarly situated                          **PLAINTIFFS**

vs.                              **CASE NO. 4:07CV00640**

RC2 CORPORATION, RACING
CHAMPIONS ERTL CORPORATION,
and LEARNING CURVE BRANDS, INC.,
formerly doing business as
THE ERTL COMPANY, INC., RACING
CHAMPIONS ERTL, INC., RC ERTL,
INC. and RC2 BRANDS, INC.                                          **DEFENDANTS**

## ORDER

Pending is Defendant's motion to extend time to answer and for stay of proceedings. (Docket # 20). For good cause shown, the motion is GRANTED. All Defendants who have not yet responded to Plaintiffs' complaint shall have until the Judicial Panel on Multidistrict Litigation ("JPML") shall Order them to respond, or until thirty (30) days after the JPML declines to accept transfer of this case. This case shall be, and hereby is, stayed pending a ruling by the JPML on the motion to transfer the case. All defenses are preserved pending the stay, and plaintiffs may, in accordance with the Rules, amend their Complaint during the stay.

IT IS SO ORDERED this 11th day of September, 2007.


                                    James M. Moody
                                    United States District Judge



EXHIBIT
"C"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 07-22271-CIV-GOLD/TURNOFF

BRENDA MAYA SINGER, individually and
on behalf of all others similarly situated,

        Plaintiff,

vs.

LEARNING CURVE BRANDS, INC. and
LEARNING CURVE BRANDS, INC. d/b/a
RC2 BRANDS, INC.,

        Defendants

_____/

## <u>ORDER ON MOTION FOR STAY OF PROCEEDINGS<br>AND FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT</u>

This matter having been presented to the Court by counsel for Defendants, Learning Curve Brands, Inc, and Learning Curve Brands, Inc., d/b/a RC2 Brands Inc., who have filed their Notice of Motion for Stay of Proceedings and for Extension of Time to Respond to Complaint, and the Court having considered the papers submitted and for other good cause shown, it is on this _____ day of _____, 2007,

ORDERED that Defendants' Motion for Stay of Proceedings and for Extension of Time to Respond to Complaint is GRANTED. Defendants shall respond to the Class Action Complaint 30 days following entry of an order by the Judicial Panel on Multidistrict Litigation on the pending Motions to Transfer filed in MDL No. 1893 – <u>In Re: RC2 Corp. Toy Lead Paint Products Liability Litigation</u> ("JPML") (i) transferring this case to an MDL transferee district, or (ii) denying Learning Curve Brands, Inc., and Learning Curve Brands, Inc. d/b/a RC2 Brands, Inc., Motion for Transfer of Actions to the

Case No. 07-22271-CIV-GOLD/TURNOFF

Northern District of Illinois for Coordinated Pre-Trial Proceedings Pursuant to 28 U.S.C. § 1407 ("Motion for Transfer") and the other motions for transfer pending before the JPML.

It is further ORDERED that all other proceedings in this action are stayed as to all Parties pending entry of an order by the JPML (i) transferring this case to an MDL transferee district, or (ii) denying the Motion for Transfer and the other motions for transfer pending before the JPML.

_____
United States District Judge

cc:    Counsel of Record